Mr. Carpinelli. Your honors, may it please the court. My name is Ross Carpinelli. I represent the plaintiff appellants in the matter that was before Judge Lefkow and in this matter we are appealing and stating that it was air for the district court to summarily dismiss the contractual relationship between defendant Barcelo and form resident Orbitz as insignificant in its jurisdictional calculus. Defendant Barcelo... This is not a contract dispute. This is not. This is a this is on an appeal of 12b2 personal jurisdiction. Right, so it seems to me that Judge correctly said it doesn't really matter the contract between Barcelo and Orbitz. The case isn't about that. The case is about a personal injury that the daughter of your clients sustained at the resort in Mexico. That is correct. However, she said it was too tenuous with zero citation supported for that proposition. There was nothing to But if there's no contract between the plaintiffs and Barcelo and no evidence that Barcelo solicited business in Illinois, we need to know what evidence is there of actions by Barcelo that would have established contacts in Illinois. Barcelo had a contract with Orbitz. Orbitz is how they received the plaintiff. She and her, well the sedan I should say, and her received funds. That's a contract. There had been a problem, let's say there had been a problem with the reservation. Wouldn't they have had to work with Orbitz customer service to resolve it, not with the hotel directly? They possibly could have. One of my, before I filed suit, I looked into the fact that I would think that they would be immune from liability probably on a contractual basis, but also that they're an agent for disclosed principle. I think Orbitz would be in a position to say, look, hey, we can connect you, but we have nothing to do with what happens at the resort or some of those findings. This is part of the jurisdictional analysis in requesting discovery because I don't have that contract. I never received that contract. That's one of the things that I think that this case was summarily dismissed with prejudice. You're focusing on this contract. The problem is that the injuries that you're litigating over here don't arise out of a contract. These are torts. What case law is there to support that? Because I think there's different analysis. Let me give you a recent case. Somebody buys a Eurail pass in the United States entitling her to use European railroads. While using the Eurail pass purchased in the United States, there's an accident on a railroad platform in Austria. Would that be open to litigation in the United States, in the state where the Eurail pass was bought? I'm thinking governmental tort immunity right away. I didn't say anything about government. Would the Eurail be part of a governmental entity that would... Some of the railroads in it are and some aren't. Okay. That would be my first analysis. I'm thinking that this case is... You're obviously not acquainted with OBB Person Fair Care, Persona Fair Care, against Sachs, in which the Supreme Court held two months ago that there's no jurisdiction in the United States over that case. It said that the harm had to be connected to the U.S., not simply the ticket and the reservation. Your argument seems to be very difficult to reconcile the Supreme Court's decision in Sachs. I don't know the facts of that case exactly. I couldn't comment on that because I don't  It would have been a good case to learn about before arguing a case that seems to be factually identical. I think the brief was filed, but I should have supplemented. But is that factually a similar case? I mean, there are other injuries we've had in countries where you can still litigate in the district courts. The situation is the same. You buy a ticket or buy a reservation and pay in the United States using an online system. Then you go to another country where somebody commits a tort. The question is, does buying the reservation in the U.S. enable you to litigate in the U.S. about the foreign tort? The Supreme Court says no. Well, who receives the money, though? That's my argument, is that they're receiving money, so they're entering Illinois and they're taking advantage of citizens. The holding of the Supreme Court is that the accident has to be connected to the U.S., not the ticket or the reservation or the payment. Well, see, that's my argument on the contract analysis, because now you have a contract. That's the analysis that we're going for, is that there is a sufficient contact here, and we have a contract, not to mention the Internet was used, and if we use the factors in UBID, you have a contract plus the Internet to establish this connection between the foreign state. And Illinois has a right to protect its citizens from foreign corporations with the power reserved for rebuttal. Thank you, Mr. Carbonelli. Ms. Eshba. Good morning. May it please the Court, my name is Natalie Eshba, and I represent the defendant, Kara Suva. As Your Honors correctly noted, this is not a contract dispute. Appellants rely on this purported contract between Barceló and Orbitz for the assertion that specific jurisdiction rests over Orbitz and then consequently over my client, Kara Suva. However, as Your Honors noted, this was a personal injury sustained at a resort in Mexico. The facts of the complaint allege negligence, failure to warrant negligent infliction of emotional distress, which is a classic tort case. It is not a contract case. Could I just ask you this? When a reservation is made on Orbitz, is Orbitz responsible for any subsequent issues with that reservation, or is the reservation treated as a direct reservation with Barceló, such that problems are handled by Barceló's customer service? In other words, what I've been trying to figure out is, does Orbitz operate more as a middle person or a reseller, or is it essentially an advertising site that facilitates direct reservations for hotels? While Your Honor poses a good question, I don't possess the facts of what the actual relationship was between Barceló and Orbitz regarding the purported contract. I know in my experience, whenever I have an issue, if I book something through Orbitz, I've always dealt directly with Orbitz myself. That's all I can speak from personal experience. But we're here in a jurisdictional case, and it is plaintiff's burden to show that there was specific jurisdiction over Barceló and my client Carasuva. Carasuva is the tour company that sponsored the ATV ride, right? Correct. And I did not see an argument made on appeal by the plaintiff about your client's liability. He just said, we stand on our arguments made for establishing jurisdiction in the district court. That's not good enough on appeal. I don't know that you need to argue much more than that. It's waived. I agree, Your Honor. It is waived. I just wanted to make sure that the court was aware of the jurisdictional arguments. And I guess finally, I would say that the argument as to my client Carasuva, plaintiff has alleged, comes from this jurisdiction with Barceló. So I just wanted to raise that point. But thank you. That's it. Thank you, counsel. Ms. Motley. Good morning, Your Honors. May I please the court? Continuing with our discussion on jurisdiction, as the district court also held, this honorable court is asked to find specific jurisdiction that it exists over Barceló based on Barceló's very tenuous connection with Orbitz, as this court aptly indicated. This is not a breach of contract case. This is a tort claim. Would you mind standing in front of the mic? I cannot hear you at all. Thank you. Yes, Your Honor. Thank you. And to add with that, basically, it seems that what plaintiff is asking in this case, almost an application of a hybrid analysis of general jurisdiction and specific jurisdiction, which has been rejected by this court in both Hyatt v. Coco and R.E.R. Taylor, which specific jurisdiction cannot be based on a loose causal connection between the suit and the contacts with the forum, which is exactly what the plaintiff is seeking to do in this case. Here is even more, this is a very fact-specific analysis, and this is even more removed in this situation. This is a situation where it's, even based on plaintiff's complaint, the decedent initiated the purchase on an Orbitz website and chose to travel to Mexico. The injuries occurred in Mexico, and most importantly, relating to Barceló, the injuries didn't even occur on the hotel premises. The only allegation plaintiff has to connect Barceló to the facts of this case is that the decedent was solicited by Carusova on the premises. This is not a situation where a plaintiff could even argue that Barceló directly solicited or targeted Illinois residents, as well as that there's any, it doesn't satisfy the two-pronged analysis established and emphasized in Tamburo v. Dworkin. The alleged injury simply does not arise out of defendants' forum-related activities. And I will receive any further questions, if you have any questions, Your Honors. Thank you very much, Ms. Motley. Anything further, Mr. Carbonelli? Yes. Not much to rebut. Just to add a comment quickly on the fact that I did stand on that argument, I do stand on the Agner v. Bell helicopter case for the proposition that joint torque fuses are liable, and that they would be liable in this case. Right, but you have to make that argument in this court. You can't just incorporate by reference and stand on the arguments you made in the district court. That's not appropriate appellate advocacy. Well, I think I have to get Barceló in first before we could get to them. You have to make an argument for personal jurisdiction over both defendants. You cannot incorporate by reference what you said in the district court. Okay. Understood. In addition, I think that, though, it's definitely obvious that there is a contractual relationship with Orbitz and Marcello, and I think that the relationship of that contract could subject them to jurisdiction in this court. Maybe if the claim had something to do with contract, but it doesn't. It's a tort claim for personal injuries, and it's not even a cyber-tort claim, as in Temporo. Yes. It's a gargant variety injury claim. The injury has occurred in Mexico. That's where the harm was incurred. Well, I believe that, but for that contract, they wouldn't have had the injuries. It's similar to the Tack Howe case in that the wife of the businessman goes to Hong Kong and she drowns in the pool and they still bring suit. We still have, well, there's still a connection. Same with the guy who slips and falls in the Caribbean. There's still a connection between them. I don't know how slipping and falling in a spa or drowning in a pool would still allow a court to allow jurisdiction to proceed if it wasn't for the fact that we do have an argument. Plaintiffs do continue to have an argument in this matter. Thank you. Thank you very much. The case is taken under advisement. Our next case for...